UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GELASIO JOHNSON GUERRERO,<br><br>Defendant. | Case No. 3:22-cr-00054-LRH-CLB<br><br>ORDER |

Before the Court is Defendant Gelasio Johnson Guerrero's ("Guerrero") motion for judgment of acquittal, or, in the alternative, for a new trial. ECF No. 114. The Government filed a response in opposition to the motion (ECF No. 121) and Guerrero replied (ECF No. 122). For the reasons articulated herein, the Court denies the motion.

**I.     BACKGROUND**

On August 4, 2022, a grand jury indicted Guerrero on two counts of Assault with a Dangerous Weapon within Indian Country in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153. ECF No. 14. The indictment stemmed from a July 10, 2022, incident on the Walker River Reservation, Indian Country of the United States, that involved Guerrero and Officer B.A., a tribal police officer. *Id*. Count One of the indictment charged Guerrero with "assault[ing] Officer B.A. by intentionally using a display of force that reasonably caused Officer B.A. to fear immediate bodily harm by using a dangerous weapon, to wit, a firearm[.]" *Id*. at 1, 2. Count Two of the indictment charged Guerrero with "assault[ing] Officer B.A. by intentionally using a display of force that reasonably caused Officer B.A. to fear immediate bodily harm by using a dangerous weapon, to wit, a metal object[.]" *Id*. at 2.

The Court presided over a jury trial on the matter from September 19, 2023, to September 25, 2023. *See* ECF Nos. 86, 91, 94, 95, 96. After the Government rested its case in chief, Guerrero motioned for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 (ECF No. 91 at 3), which the Court denied the following day (ECF No. 94 at 1). Guerrero renewed his Rule 29 motion after he rested his case, which the Court denied. ECF No. 95 at 1. After a brief rebuttal case from the Government, both parties rested. *Id*. at 2. The Court instructed the jury on various matters including the essential elements of the charged offenses, the legal definition of criminal assault, and Guerrero's theories of self-defense and defense of others. ECF No. 97 at 17–20. The jury retired for deliberations on Friday, September 22, 2023. ECF No. 95 at 2. On Monday, September 25, 2023, the jury returned guilty verdicts on both counts of the indictment. ECF No. 96 at 2. As evidenced by the verdict forms, a guilty verdict was reached by the jury as to Count Two of the indictment on Friday, September 22, 2023 (ECF No. 107), while a guilty verdict was reached by the jury as to Count One on Monday, September 25, 2023 (ECF No. 109).

After the jury was released and sentencing was scheduled, Guerrero indicated that he intended to renew his Rule 29 motion, or alternatively file a motion for a new trial. ECF No. 96 at 2. The Court acknowledged Guerrero's request and the parties agreed that a filed motion on the matter with briefing would be preferrable. *Id*. On October 6, 2023, the Court granted the parties' stipulation for an extension of time for Guerrero to file the motion. ECF No. 113. Shortly thereafter, Guerrero filed a motion for judgment of acquittal, or, in the alternative, for a new trial. ECF No. 114. The motion is fully briefed and addressed below.

## II.     LEGAL STANDARD

### A.     Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29 permits a defendant to motion for "a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction" either after the government closes its evidence or after the close of all the evidence. Fed. R. Crim. P. 29(a). Moreover, a defendant may move for a judgment of acquittal, or renew such motion if previously made, "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c). A district court, "does not have unlimited discretion in resolving a

Rule 29(c) motion for judgment of acquittal." *United States v. Dreitzler*, 577 F.2d 539, 545 (9th Cir. 1978). When evaluating a motion for judgment of acquittal, a district court must "determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201 (9th Cir. 2000). "[A]ll reasonable inferences are to be drawn in favor of the government, and any conflicts in the evidence are to be resolved in favor of the jury's verdict." *Id*. at 1201–02.

### B. Motion for a New Trial

Federal Rule of Criminal Procedure 33 permits a court to, upon motion by a defendant, "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). If the motion for a new trial is premised upon any grounds besides newly discovered evidence, the motion "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). A court's power to grant a motion for a new trial is "much broader than [the court's] power to grant a [Rule 29] motion for judgment of acquittal." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992). When confronted with a motion for a new trial, a district court "need not view the evidence in the light most favorable to the verdict" but rather "may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Id*. A new trial should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981). Moreover, a motion for a new trial should be granted only when allowing the verdict to stand would amount to a "serious miscarriage of justice." *Alston*, 974 F.2d at 1211.

### III. DISCUSSION

### A. Motion for Judgment of Acquittal

In his motion, Guerrero argues that the Court should enter a judgment of acquittal on Counts One and Two of the indictment pursuant to Rule 29. ECF No. 114 at 12. Guerrero offers similar arguments in support of acquittal as to Count One with the firearm and Count Two with the medical shears. For both, Guerrero argues that acquittal is warranted because no rational juror could have concluded that the Government proved beyond a reasonable doubt that Guerrero assaulted Officer B.A. with the firearm or medical shears. *Id*. at 6, 11. More specifically, Guerrero

claims that the Government failed to prove beyond a reasonable doubt that he had the requisite intent to commit the assaults. *Id*. at 6–12. In response, the Government argues that Guerrero's motion should be denied because the jury received ample relevant evidence of Guerrero's intentional assault and intent to injure without justification. ECF No. 121 at 1. The Government claims that Guerrero's intentional use of a display of force, and his intent to do bodily harm, were proven beyond a reasonable doubt through evidence presented at trial including, but not limited to, Officer B.A.'s body-camera footage and testimony. *Id*. at 7–10. In reply, Guerrero argues that the Government overstates the evidence and ignores contrary evidence. ECF No. 122 at 3.

"There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Based on the evidence presented at trial which is viewed in a light most favorable to the Government, the Court finds that a rational trier of fact could have found the essential elements of assault, including the required forms of intent, beyond a reasonable doubt as to both Counts of the indictment.

As to the firearm, the Government introduced Officer B.A.'s body-camera footage which captures Guerrero moving towards the officer, hitting the taser out of the officer's hands, knocking the officer to the ground, and hitting the officer repeatedly. On the footage, Guerrero can be heard saying "I swear, I'm going to hit you right now." At trial, the jury heard Officer B.A.'s testimony, including his statements that he recalled seeing Guerrero's hand around his holstered firearm and that his leg strap was being pulled hard. Officer B.A. also testified that he told Guerrero to "stop" and "let go" to prevent Guerrero from gaining control of the firearm. As to the medical shears, the body-camera footage shows that, at some point, Guerrero gained control of the shears from Officer B.A.'s vest and told the officer, "I'm going to stab you in the neck." Shortly after, the sound of the shears hitting the pavement can be heard. Immediately after that, the shears are observed beneath Guerrero's right hand which was extended above his head. Guerrero's actions and words as captured on the body-camera footage, as well as Officer B.A.'s testimony, support a rational juror's conclusion that the Government proved beyond a reasonable doubt, not only that Guerrero

4

intended to use a display of force to threaten and intended to harm Officer B.A., but also that Guerrero assaulted the officer twice, once with the firearm and once with the medical shears.

Guerrero additionally argues that the Government failed to disprove self-defense and defense of others beyond a reasonable doubt. ECF No. 114 at 10, 12. Guerrero specifically claims that evidence on the record supports the belief he held at the time of the incident that Officer B.A. had injured his child and was reaching for deadly force. *Id*. The Government argues that no credible view of the evidence supports an objectively reasonable belief that the force used by Guerrero was necessary to defend himself or another from unlawful force because Officer B.A. never used unlawful force and, instead, was attempting to make a lawful arrest. ECF No. 121 at 9, 10.

Based on the evidence at trial, a rational juror could have concluded that that the Government disproved both self-defense and defense of others beyond a reasonable doubt. The body-camera footage, paired with witness testimony, provides a reasonable basis for a rational juror's conclusion that Officer B.A. did not use unlawful force during the altercation. On the footage, Officer B.A. can be seen approaching Guerrero in a calm and collected manner. During their initial interaction, Officer B.A. attempts to diffuse the situation which Guerrero began escalating with peculiar comments and odd behavior. The officer can be heard asking Guerrero if he knew that there was a warrant for his arrest. The footage captures Guerrero with his children and Officer B.A.'s attempts to separate them, at first with verbal commands and then by physical means. Moreover, when asked by Guerrero whether Officer B.A. was going to kill him, the officer can be heard saying, "I'm not going to kill you." At trial, Officer B.A. testified he was aware that Guerrero had an active warrant, that he found Guerrero with his children, and that he was concerned for their safety because he knew that Guerrero was not supposed to be around them. There is also evidence on the record that Guerrero knew he had a no-contact order pertaining to his children. Based on this evidence, a rational juror could have concluded that Officer B.A. never used unlawful force against Guerrero, and instead, was attempting to make a lawful arrest and enforce the no-contact order when he stopped him that day.

Therefore, the Court finds that a rational juror could have concluded that the Government disproved self-defense and defense of others beyond a reasonable doubt. Accordingly, and in

conjunction with the Court's finding that a rational trier of fact could have concluded that the Government proved assault beyond a reasonable doubt as to Count One with the firearm and Count Two with the medical shears, the Court denies Guerrero's motion for a judgment of acquittal.

### B.  Motion for a New Trial

In the alternative, Guerrero argues that the Court should vacate the judgment and grant him a new trial in the interest of justice. ECF No. 114 at 12. It appears that the Government believes the Court should defer to the jury's findings as to the motion for a new trial because it is the jury's role to judge the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences. ECF No. 121 at 11, 12. In reply, Guerrero argues that the Government has failed to acknowledge the different standards the Court is bound by when evaluating a Rule 29 motion versus a Rule 33 motion. ECF No. 122 at 6, 7. Guerrero notes that the Court must make credibility determinations and weigh the evidence for itself when evaluating a motion for a new trial. *Id.*

Guerrero is correct that the Court is bound by different standards when evaluating Rule 29 and Rule 33 motions and that, for Rule 33 motions, the Court must weigh the evidence and make credibility determinations for itself. *See Alston*, 974 F.2d at 1211. In fact, motions for a new trial are "directed to the discretion of the trial judge" and, as such, are to be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *Pimentel*, 654 F.2d at 545. After weighing the evidence and making credibility determinations, the Court finds that a new trial is not warranted because this is not an exceptional case in which the evidence preponderates heavily against the jury's verdicts. As explained, ample evidence supports the jury's guilty verdicts here including the body-camera footage, Officer B.A.'s testimony, and other witness testimony and forms of physical evidence. This evidence, produced by the Government, proves beyond a reasonable doubt that Guerrero assaulted Officer B.A. in two separate but related counts.

Although Guerrero and the Government hotly contest who pulled the firearm trigger, Officer B.A. was shot in the leg when his holstered gun was discharged in the course of the physical altercation and struggle initiated by Guerrero. The Court is of the opinion that Guerrero's actions and words during the physical altercation reasonably caused Officer B.A. to fear immediate bodily harm in the moments before the trigger was pulled. This is because it was reasonable for a person

in Officer B.A.'s shoes to apprehend immediate bodily harm given Guerrero's actions and statements preceding the discharge of the firearm. As Officer B.A. explained at trial, Guerrero had his hand secured around the officer's firearm and he was trying to pull it out. Officer B.A. continued and explained that he was scared for the children and for himself, and that he did not want the firearm to come out of his holster to prevent Guerrero from using it against him. Because the essence of assault on a federal officer is one of a mental apprehension of immediate bodily harm, *see United States v. Acosta-Sierra*, 690 F.3d 1111, 1120–21 (9th Cir. 2012), and because the evidence presented at trial shows beyond a reasonable doubt that Officer B.A. was fully aware of the threat created by Guerrero's forcible conduct toward him and his firearm, the Court finds that Guerrero assaulted Officer B.A. at that point in time.

The case is even more clear pertaining to Guerrero's assault on Officer B.A. with the medical shears which were carried in the officer's vest. Guerrero's actions and words during the physical altercation reasonably caused Officer B.A. to fear immediate bodily harm as to the medical shears. Immediately after the officer was shot and the two men continued to struggle on the ground, Guerrero grabbed the shears from the officer's vest and stated, "I'm going to stab you in the neck." Based on this evidence alone, an officer in the same situation would mentally apprehend the threat of immediate bodily harm from Guerrero. Such evidence shows Guerrero's requisite intent, Officer's B.A. awareness of the threat, and proves beyond a reasonable doubt that Guerrero assaulted Officer B.A. by threatening him with the medical shears.

For these reasons, the Court finds that allowing the jury's guilty verdicts to stand on Counts One and Two of the indictment in this case would not amount to a serious miscarriage of justice. Accordingly, the Court denies Guerrero's motion for a new trial.

///
///
///
///
///
///

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Guerrero's motion for judgment of acquittal, or, in the alternative, for a new trial (ECF No. 114) is **DENIED**. Sentencing and disposition shall remain set for Tuesday, December 19, 2023, at 1:30 P.M. in Reno Courtroom 3.

IT IS SO ORDERED.

DATED this 15th day of November, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE